UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **NAIF ALRSHDAN, HINDI ALQAHTANI, MOHAMMED ALHASHEM, and OMAR ALSHAHRANI**<br>Plaintiffs | CIVIL ACTION NO.3:19-cv-549<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |
| v. | |
| **BOARD OF SUPERVISORS OF SOUTHERN UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE**<br>Defendants | |

## COMPLAINT

**NOW INTO COURT**, through their undersigned counsel, come the Plaintiffs, **NAIF ALRSHDAN, HINDI ALQAHTANI, MOHAMMED ALHASHEM, and OMAR ALSHAHRANI** who respectfully represents as follows:

### PRELIMINARY STATEMENT

1.

The Plaintiffs, Naif Alrshdan, Hindi Alqahtani, Mohammed Alhashem, and Omar Alshahrani are Deaf individuals who communicate primarily in American Sign Language ("ASL"), which is their expressed, preferred, and most effective means of communication.

**2.**

All four Plaintiffs are International Students from Saudi Arabia who first enrolled in Southern University and Agricultural and Mechanical College at Baton Rouge (*hereinafter, "Southern University"*) in the fall semester of 2018.

**3.**

Upon their enrollment at Southern University the Plaintiffs were denied the auxiliary aids and services necessary to communicate with Southern University's employees, staff, faculty, and professors in a manner that is equivalent to that provided to persons who are hearing.

**4.**

Southern University repeatedly discriminated against Plaintiffs by failing and/or refusing to provide auxiliary aids and services on a continuous basis necessary to ensure effective communication with Plaintiffs regarding complex educational matters.  As a result, Plaintiffs were unable to meaningfully engage in the educational services provided at Southern University. Due to the discrimination by Southern University, Plaintiffs have suffered loss of educational opportunities, segregation and isolation, stress, anxiety, embarrassment, confusion, and a feeling of diminished self-worth as a result of their interactions with Southern University staff. Additionally, the Plaintiffs are fearful that their inability to complete relevant coursework due to the lack of accommodations which would provide for effective communication will negatively affect their grade point

averages and in turn affect their ability to continue in the International Studies Program and achieve their goals of earning their degrees from an American university, specifically Southern University.

5.

The Plaintiffs bring this lawsuit seeking injunctive and declaratory relief and attorneys' fees and costs to redress defendants' unlawful discrimination on the basis of disability in violation of Title III of the Americans With Disability Act, 42 U.S.C § 12181 ("ADA"); and Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794. Plaintiffs also seek compensatory damages for their harms and losses pursuant to the RA.

## JURISDICTION AND VENUE ALLEGATIONS

6.

This court has subject-matter jurisdiction herein pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 for Plaintiffs' claims arising under federal law.

7.

Venue is proper in U.S. District Court Middle District of Louisiana pursuant to 28 U.S.C. § 1391(b)(2) because the Southern University resides within the jurisdiction of this district, and a substantial part of the events that give rise to the claims occurred in this district.

## **THE PARTIES**

**8.**

Plaintiff, Naif Alrshdan, a person of the full age of majority is a citizen Saudi Arabia, currently and at all times pertinent to this cause of action, residing in the Parish of East Baton Rouge, Louisiana and is an International Student enrolled at Southern University. Naif Alrshdan is deaf and although his native language is Saudi Arabian Sign Language, while in the United States he communicates primarily in American Sign Language *(hereinafter "ASL")*. Naif Alrshdan is substantially limited in the major life activities of hearing and speaking and is a qualified person with a disability within the meaning of the ADA and RA.

**9.**

Plaintiff, Hindi Alqahtani, a person of the full age of majority is a citizen Saudi Arabia, currently and at all times pertinent to this cause of action, residing in the Parish of East Baton Rouge, Louisiana and is an International Student enrolled at Southern University. Hindi Alqahtani is deaf and although his native language is Saudi Arabian Sign Language, while in the United States he communicates primarily in American Sign Language *(hereinafter "ASL")*. Hindi Alqahtani is substantially limited in the major life activities of hearing and speaking and is a qualified person with a disability within the meaning of the ADA and RA.

**10.**

Plaintiff, Mohammed Alhashem, a person of the full age of majority is a citizen Saudi Arabia, currently and at all times pertinent to this cause of action, residing in the Parish of East Baton Rouge, Louisiana and is an International Student enrolled at Southern University.  Mohammed Alhashem is deaf and although his native language is Saudi Arabian Sign Language, while in the United States he communicates primarily in American Sign Language *(hereinafter "ASL")*. Mohammed Alhashem is substantially limited in the major life activities of hearing and speaking and is a qualified person with a disability within the meaning of the ADA and RA.

**11.**

Plaintiff, Omar Alshahrani, a person of the full age of majority is a citizen Saudi Arabia, currently and at all times pertinent to this cause of action, residing in the Parish of East Baton Rouge, Louisiana and is an International Student enrolled at Southern University.  Omar Alshahrani is deaf and although his native language is Saudi Arabian Sign Language, while in the United States he communicates primarily in American Sign Language *(hereinafter "ASL")*.  Omar Alshahrani is substantially limited in the major life activities of hearing and speaking and is a qualified person with a disability within the meaning of the ADA and RA.

**12.**

Defendant, Board of Supervisors of Southern University and Agricultural and Mechanical College (*hereinafter, "the Board"*) is a corporate body and public postsecondary education management board having the authority and obligation to supervise and manage Southern University and Agricultural and Mechanical College at Baton Rouge (*"Southern University"*).  Southern University is a public postsecondary institution of higher education and as a place public accommodation under federal antidiscrimination laws and as a recipient of federal financial assistance is subject to the requirements of Title III of the ADA and Section 504 of the Rehabilitation Act.

## FACTUAL ALLEGATIONS

**13.**

The Plaintiffs are international students from Saudi Arabia who are all profoundly deaf individuals. Although their native language is Saudi Arabian Sign Language, while in the United States they communicate primarily in American Sign Language.

**15.**

During their application process to attend to Southern University the Plaintiffs individually provided the requisite documentation to the International Student Office and Admissions Office concerning their disability and need for accommodations.

**16.**

Prior to attending classes at Southern University in the Fall of 2018, the Plaintiffs met individually with representatives of the Southern University Office of Disability Services (*hereinafter "ODS"*) to request the necessary auxiliary aids and services in the form of ASL interpreters due to their deafness.

**17.**

During their meetings with ODS, Plaintiffs provided the necessary documentation to ODS pertaining to their disability and completed the forms requesting ASL interpreters for their respective classes.

**18.**

Fall Semester classes began on August 20, 2018, the Southern University ODS had not contracted with a sign language interpreting agency to provide qualified ASL interpreters to provide interpreting services to Plaintiffs.

**19.**

The Plaintiffs individually on numerous occasions communicated with the Southern University ODS coordinator Patricia R. Hébert throughout the months of August and September 2018 concerning the lack of ASL interpreters.

**20.**

The Plaintiffs continued requests for ASL interpreting services went unanswered

by Southern University ODS staff and employees until the week of September 24, 2018. At that time the Plaintiffs were informed that ASL interpreters would be made available for their respective classes. Despite this assurance by ODS staff, ASL interpreters were not consistently provided until October 2018.

**21.**

Throughout the remainder of the Fall 2018 and Spring 2019 semesters, the attendance of the ASL interpreters was sporadic leaving Plaintiffs to attend classes unable to understand the substance of the instructor's lecture.

**22.**

On numerous occasions the contracted ASL interpreters would not attend classes for weeks at a time.  On one such occasion, Plaintiff Naif Alrshdan contacted Deaf Focus, the sign language interpreting agency contracted by Southern University to provide ASL services, and was advised by the representative at Deaf Focus that they would not be providing ASL interpreters for the entire week because Southern University failed to pay their bill for the past ASL services and since Southern University was not paying their bill, and they were unable to pay their interpreters, they had to cancel the services.

**23.**

The Plaintiffs have suffered stress, anxiety, embarrassment, confusion, and a feeling of diminished self-worth as a result of interactions Southern University staff.

Additionally, the Plaintiffs are fearful that their inability to complete relevant coursework due to the lack of accommodations which would provide for effective communication will negatively affect their grade point average and their good standing at Southern University in the International studies Program.

**24.**

Southern University through its employees and staff knew or should have known of its obligations under the ADA and Section 504 of the Rehabilitation Act to provide accommodations to individuals with disabilities, including individuals who are deaf or hard of hearing, and to develop policies to promote compliance with these statutes.

**25.**

Southern University, through its employees and staff knew or should have known that their failure to fulfill their obligations under ADA and Section 504 of the Rehabilitation Act to provide accommodations to individuals with disabilities, including individuals who are Deaf, the created an substantial risk of causing the Plaintiff's greater levels of fear, anxiety, indignity, humiliation, and/or emotional distress than a hearing person would be expected to experience while attempting to navigate the complexities of attending college.

**26.**

As a result of Southern University's failure to ensure effective communication with the Plaintiffs, they received services that were objectively substandard and that were

inferior to those provided to hearing persons to participate in a degree program at Southern University.

**27.**

Southern University discriminated against the Plaintiffs with deliberate indifference to their communication needs, causing them to endure humiliation, fear, anxiety, and emotional distress.

**28.**

Southern University, through its staff and employees, knew or should have known of their obligations under the ADA and Section 504 of the Rehabilitation Act to provide accommodations to individuals with disabilities, including individuals who are Deaf, and to develop policies to promote compliance with these statutes.

**29.**

The harm sustained by the Plaintiffs herein was an expected and foreseeable consequence of Sothern University's failure to comply with the requirements and mandates of the ADA and Section 504 of the Rehabilitation Act.

**30.**

Since the Plaintiffs are presently enrolled at Southern University pursuing their chosen degree paths, and due to the discrimination, they encountered while students as alleged herein, they reasonably anticipate that they will encounter discrimination again in the near future as they continue their attendance at Southern University.

# FIRST CAUSE OF ACTION:
## VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

**31.**

Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

**32.**

At all times relevant to this action, Title III of the ADA, 42 U.S.C. § 12181, et seq., has been in full force and effect and has applied to Southern University's conduct.

**33.**

At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, have been in full force and effect and has applied to Southern University's conduct.

**34.**

At all times relevant to this action, the Plaintiffs have been substantially limited in the major life activities of hearing and have been individuals with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

**36.**

Southern University owns, leases, and/or operates a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7)(J).

**37.**

Title III of the ADA provides that "[n]o individual shall be discriminated against

on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

**38.**

Title III of the ADA defines discrimination to include denying participation or offering an unequal or separate benefit to individuals with disabilities. 42 U.S.C. § 12182(b)(1)(A).

**39.**

Title III of the ADA further defines discrimination to include "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii).

**40.**

Title III of the ADA further provides that "[i]t shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E).

**41.**

Title III of the ADA further provides that "[a]ny person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189.

42.

Federal regulations implementing Title III of the ADA provide that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. This includes an obligation to provide effective communication to companions who are individuals with disabilities." 28 C.F.R. § 36.303(c).

**43.**

Southern University discriminated against Plaintiff, on the basis of disability, in violation of Title III of the ADA and its implementing regulations.

**44.**

As set out above, absent injunctive relief there is a clear risk that Southern University's actions will recur with Plaintiff and/or additional deaf persons.

**45.**

Plaintiff is therefore entitled to injunctive relief, as well as an award of attorneys'

fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1), and/or common law.

## SECOND CAUSE OF ACTION:
## VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

**46.**

Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

**47.**

At all times relevant to this action, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 has been in full force and effect and has applied to the Southern University's conduct.

**49.**

At all times relevant to this action, the United States Department of Health and Human Services ("HHS") regulations implementing Section 504 of the Rehabilitation Act, 45 C.F.R. Part 84, have been in full force and effect and have applied to the Southern University's conduct.

**50.**

At all times relevant to this action, the Plaintiffs have had substantial limitations to the major life activities of hearing and have been individuals with a disability within the meaning of 29 U.S.C. § 705(9).

**51.**

At all times relevant to this action, Southern University received federal financial assistance, including Department of Education funds or other funds, and was therefore a program or activity receiving federal financial assistance pursuant to 29 U.S.C. § 794(b).

**52.**

Pursuant to Section 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

**53.**

Pursuant to Federal regulations implementing Section 504 of the Rehabilitation Act, programs or activities receiving Federal financial assistance "must afford handicapped persons equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement, in the most integrated setting appropriate to the person's needs." 45 C.F.R. § 84.4(b)(2).

**54.**

As set forth above, Southern University discriminated against Plaintiffs on the basis of their disability in violation of the Rehabilitation Act.

**55.**

As set forth above, absent injunctive relief there is a clear risk that Southern University's actions will recur with Plaintiffs and/or other deaf persons or companions.

Plaintiff is therefore entitled to seek and recover compensatory damages for the injuries and loss sustained as a result of Southern University's discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 29 U.S.C. § 794(a).

**56.**

Plaintiff is further entitled to an award of attorneys' fees, costs, and disbursements pursuant to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, Naif Alrshdan, Hindi Alqahtani, Mohammed Alhashem, and Omar Alshahrani, respectfully pray that this Court grant the following relief:

1) Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Southern University's policies, procedures, and practices have subjected Plaintiff to unlawful discrimination in violation of Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act;

2) Enjoin Southern University from implementing or enforcing any policy, procedure, or practice that denies deaf or hard of hearing individuals meaningful access to and full and equal enjoyment of Defendant's facilities, services or programs.

**Order Southern University:**

1) to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Plaintiffs or other deaf or hard of hearing individuals or companions by failing to provide effective communication;

2) to develop, implement, promulgate, and comply with a policy requiring that when a deaf or hard of hearing individual requests an onsite interpreter for effective communication, one will be provided as soon as practicable in all services offered by Southern University;

3) to develop, implement, promulgate, and comply with a policy to ensure that Southern University will notify individuals who are deaf or hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that Southern University will provide sign language interpreters, videophones, and other communication services to ensure effective communication with deaf or hard of hearing persons;

4) to develop, implement, promulgate, and comply with a policy to ensure that deaf or hard of hearing patients are able to communicate through the most appropriate method under the circumstances;

5) to create and maintain a list of American Sign Language interpreters and ensure availability of such interpreters at any time of day or night;

6) to require its employees to attend deaf sensitivity training provided by a deaf

17

trainer;

7) to train all its employees, staff, and other agents on a regular basis about the rights of individuals who are deaf or hard of hearing under the ADA and Rehabilitation Act;

**Award to Plaintiff:**

1) Compensatory damages pursuant to Section 504 of the Rehabilitation Act.

2) Reasonable costs and attorneys' fees pursuant to the ADA and Section 504 of the Rehabilitation Act.

3) Interest on all amounts at the highest rates and from the earliest dates allowed by law;

4) Any and all other relief that this Court finds necessary and appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Respectfully Submitted:
**BIANCA LAW FIRM**

/s/ Dominick M. Bianca
**DOMINICK M. BIANCA (#26802)**
8212 Summa Ave.
Baton Rouge, Louisiana 70809
Telephone: (225) 925-2877
Facsimile: (225) 925-2875
Email: rusty@biancalawfirm.com
*Counsel for Plaintiffs*