UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**NAIF ALRSHDAN, ET AL.**               CIVIL ACTION

**VERSUS**

**BOARD OF SUPERVISORS OF**               NO. 19-00549-BAJ-SDJ
**SOUTHERN UNIVERSITY AND**
**AGRICULTURAL AND**
**MECHANICAL COLLEGE**

### RULING AND ORDER

This dispute involves allegations that Defendant, a federally funded public university, failed to provide students accommodations and services in violation of Title II of the Americans With Disability Act, 42 U.S.C. § 12132 ("ADA"), and Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794. (Doc. 25 at ¶ 5). Specifically, Plaintiffs—four Deaf students that communicate primarily in American Sign Language, (*id.* at ¶ 5)—contend that Defendant has "repeatedly discriminated against [them] by failing and/or refusing to provide auxiliary aids and services on a continuous basis necessary to ensure effective communication with Plaintiffs regarding complex educational matters." (*Id.* at ¶ 4). Plaintiffs allege that, as a result, they have been "unable to meaningfully engage in the educational services provided [by Defendant]," and "have suffered loss of educational opportunities, segregation and isolation, stress, anxiety, embarrassment, confusion, and a feeling of diminished self-worth." (*Id.*).

Presently before the Court is Defendant's Motion For Partial Summary Judgment (Doc. 23), which "seeks a legal ruling confirming that the plaintiffs—

regardless of the facts—may not recover damages for alleged emotional distress." (Doc. 23-1 at 1). In support, Defendant relies on *Cummings v. Premier Rehab Keller, P.L.L.C.*, a recent decision of the U.S. Court of Appeals for the Fifth Circuit, which specifically held that "emotional distress damages are not available under the RA or [the Patient Protection and Affordable Care Act of 2010 § 1557, 42 U.S.C. § 18116]." 948 F.3d 673, 680 (5th Cir. 2020).[1]

The problem for Defendant is that Plaintiffs presently do *not* seek emotional distress damages. Rather, Plaintiffs expressly contend that they are entitled to "injunctive and declaratory relief," "attorneys' fees and costs," and "compensatory damages for their harms and losses under Title II of the ADA." (Doc. 25 at ¶ 5; *see also id.* at ¶¶ 44-45, 54-55). Defendant concedes, as it must, that Plaintiffs *are* entitled to compensatory damages, *see Cummings*, 948 F.3d at 676 (affirming that "compensatory damages are available under Spending Clause legislation", including the RA), but nonetheless asks the Court to decide "whether … the plaintiffs can recover emotional-distress damages if they prevail at trial." (Doc. 27 at 1).

Absent a demand for emotional distress damages, a decision regarding whether emotional distress damages are available *regardless of the facts* would be an impermissible "advisory opinion." *Hodgson v. H. Morgan Daniel Seafoods, Inc.*, 433 F.2d 918, 920 (5th Cir. 1970). The Court is not at liberty to answer "hypothetical legal

---

[1] The *Cummings* decision does not specifically address whether emotional distress damages are available under the ADA because the plaintiff did not raise that issue on appeal. *See Cummings*, 948 F.3d at 675 n.3 ("Cummings does not appeal the district court's holding that she failed to allege standing to seek equitable relief or that damages are unrecoverable under Title III of the ADA.")

questions," and must reserve a decision on this issue until a specific dispute arises among the parties. *See Texas v. Travis Cty.*, 272 F. Supp. 3d 973, 980 (W.D. Tex. 2017) (citing *Flast v. Cohen*, 392 U.S. 83, 96-97 (1968)), *aff'd*, 910 F.3d 809 (5th Cir. 2018).

Accordingly,

**IT IS ORDERED** that Defendant's Motion For Partial Summary Judgment (Doc. 23) is **DENIED**.

Baton Rouge, Louisiana, this 11th day of March, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**