UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **NAIF ALRSHDAN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **BOARD OF SUPERVISORS OF SOUTHERN UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE** | **NO. 19-00549-BAJ-SDJ** |

### RULING AND ORDER

Before the Court is Defendant's **Motion To Dismiss Claim For Injunctive Relief As Moot** (Doc. 28). Plaintiffs oppose Defendant's Motion (Doc. 29), and Defendant has submitted a reply in further support of its position (Doc. 30). For reasons explained, Defendant's Motion will be denied for failure to comply with this Court's Local Rules.

Plaintiffs allege that Defendant, a federally funded public university, fails to provide required accommodations to Deaf students, in violation of Title II of the Americans With Disability Act, 42 U.S.C. § 12132 ("ADA"), and Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794. (Doc. 25 at ¶ 5). Relevant here, Plaintiffs seek an injunction requiring Defendant to comply with its obligations under the ADA and RA. (*Id.* at pp. 18-10 (Prayer for Relief)).

Now, Defendant seeks dismissal of Plaintiffs' request for injunctive relief, contending that its post-litigation actions have eliminated the need for an injunction. (*See* Doc. 28). In short, Defendant argues that even if its prior policies violated Plaintiffs' rights, those policies have been changed, and Plaintiffs currently "face no

barriers due to their hearing impairment." (Doc. 28-2 at 6). Thus, injunctive relief is no longer required. (*See id.* at 6-10). In support, Defendant attaches declarations of its newly-appointed Director of ADA & Title IX Compliance, and its interim coordinator of the Office of Disability Services, each indicating that Defendant has taken certain steps to address Plaintiffs' concerns. (*See* Docs. 28-2, 30-1).

Plaintiffs oppose Defendant's Motion, and assert that they continue to experience "episodes of discrimination, retaliation, and a systemic failure to accommodate under Title II of the Americans with Disabilities Act." (Doc. 29 at 1). Further, Plaintiffs submit competing evidence—consisting of email correspondence—indicating that Defendant's new policy changes have *not* fully resolved the violations alleged in the Amended Complaint. (*See* Docs. 29-1, 29-2, 29-3, 29-4).

Defendant's Motion violates this Court's Local Rules in two respects. First, although styled a motion to *dismiss*, Defendant's Motion is plainly a motion for summary judgment, requiring the Court to weigh competing evidence under Federal Rule of Civil Procedure 56. The problem is that Defendant has already submitted (and lost) a summary judgment motion. (*See* Docs. 23, 35). This Court's Local Rules generally prohibit a party from filing more than one summary judgment motion, expressly allowing successive motions "only after seeking leave of Court and demonstrating good cause." LR 56(h). Defendant did not seek leave prior to filing its Motion, and fails to show good cause justifying its successive request. This alone is sufficient basis to deny Defendant's Motion. *See CMFG Life Ins. Co. v. Lee*, No. 20-cv-00157, 2021 WL 1395768, at *1 (M.D. La. Apr. 13, 2021) (Jackson, J.) ("[T]his Court

2

has repeatedly warned that its Local Rules carry the force of law, that parties appearing before the Court are charged with knowledge of its Local Rules, and that a party that fails to comply with the Local Rules does so at his own peril." (quotation marks and citations omitted)).

Moreover, even if the Court overlooked Defendant's failure to obtain leave to file a successive summary judgment motion, its Motion here is deficient, as it does not include the statement of undisputed material facts required by Local Rule 56(f). Again, Defendant's failure to comply with the Local Rules is fatal to its request. *See id.* (denying motion for summary judgment based on movant's failure to submit a properly cited statement of undisputed material facts).

Accordingly,

**IT IS ORDERED** that Defendant's Motion To Dismiss Claim For Injunctive Relief As Moot (Doc. 28) is **DENIED**.

Baton Rouge, Louisiana, this 19th day of May, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**